IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SUSAN G. MARTIN, | * |
| Plaintiff, | * |
| v. | * CV 118-009 |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | * |
| Defendant. | * |

**O R D E R**

Before the Court is the United States' motion to dismiss. (Doc. 9.) The United States filed a statement of interest in this *qui tam* action and represents the interests of the Government, but it does not bring this motion on behalf of Defendant United States Department of Agriculture. For the reasons set forth below, the Court **GRANTS** the Government's motion to dismiss.

**I.  BACKGROUND**

Susan G. Martin ("Relator"), proceeding *pro se*, filed this action seeking to remedy alleged abuses by Defendant United States Department of Agriculture ("USDA") and its subdivision the United States Forest Service ("USFS") in their maintenance and regulation of federal land. (Compl., Doc. 1, at 6.) Relator alleges the USDA and the USFS do not have regulatory authority to manage trails

on federal land or to limit recreational mining activities in certain waterways. (Id.)

Relator's subsequent filings clarified that she was bringing a *qui tam* action against the USDA under the False Claims Act, 31 U.S.C. § 3729 *et seq.* (See Doc. 5, at 1-2;[1] Doc. 8, at 3-4.) At bottom, Relator contends the USDA filed fraudulent claims to the Government by taking actions that exceeded its regulatory authority. (See Doc. 5, at 2-5.) She focuses on three acts. First, USDA employees allegedly misdirected funds intended to maintain forest roads by installing gates to limit motor vehicle access to certain parts of those roads. (Compl., at 6; Doc. 5, at 2-3.) Second, USDA employees failed to enforce commercial logging permits and bulldozed dirt berms near forest roads, which allowed erosion of mountainsides on federal land. (Doc. 5, at 3-4.) Finally, the USDA exceeded its authority by limiting recreational mining activities in certain streams within the Tellico Ranger District in Tennessee. (Compl., at 2, 5, Ex. B.) Because of these alleged abuses, Relator seeks an order from the Court stripping the USDA of all regulatory authority over recreational activities on federal lands. (Id. at 6.)

---

[1] Relator refers to Doc. 5 as "Plaintiff's Update of Qui Tam Complaint and Motion for Relief Including Cease and Desist Order." The Court will treat the additional allegations made in this filing as part of the Complaint, consistent with its policy of liberally construing *pro se* pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

On April 19, 2018, the United States filed a statement of interest pursuant to 28 U.S.C. § 517.[2] (Statement of Interest, Doc. 6.) Shortly thereafter, it filed a motion to dismiss this action on behalf of the United States as the real party in interest.[3] (United States' Mot. to Dismiss, Doc. 9, at 1 n.3.) The Government's motion argues there is no case or controversy as required by Article III of the Constitution. Further, the Government contends that the USDA cannot be sued under the False Claims Act because Congress has not waived sovereign immunity for federal agencies.

## II. DISCUSSION

The False Claims Act ("FCA") allows the United States to recover damages from those who knowingly make false claims for payment upon the United States. 31 U.S.C. § 3729(a). To encourage reporting, any person may commence a civil action — more commonly known as a *qui tam* action — on behalf of the United States for violation of the FCA. Id. § 3730(b). These persons or "relators" are guaranteed a portion of the recovery of a successful action, 31 U.S.C. § 3730(d), even though the United States is the real

---

[2] The statute allows "any officer of the Department of Justice . . . to attend to the interests of the United States in a suit pending in a court of the United States."
[3] The Government clarified that it was not filing the motion to dismiss on behalf of the USDA.

party in interest. Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008).

The FCA requires a relator to bring the action in the name of the Government and file the complaint in camera. 31 U.S.C. § 3730(b)(2). The complaint cannot be served on the defendant until the court orders. Id. The relator must also serve the Government with a copy of the complaint and a written disclosure of substantially all material evidence regarding the false claims. Id. That service triggers a sixty-day period in which the Government may elect to intervene or decline to take over the action. Id. § 3730(b)(4). The Government also retains the power to dismiss the action notwithstanding the objections of the relator. Id. § 3730(c)(2). Further, the Government need not intervene before filing a motion to dismiss. Ridenour v. Kaiser-Hill Co., LLC, 397 F.3d 925, 933 (10th Cir. 2005); see also Swift v. United States, 318 F.3d 250, 251 (D.C. Cir. 2003) ("[Section] 3730(b)(2) makes intervention necessary only if the government wishes to 'proceed with the action.' Ending the case by dismissing it is not proceeding with the action.").

At the outset, the Court notes that Relator has not complied with the procedural requirements to bring a *qui tam* action under the FCA. Relator did not bring the action in the name of the Government, did not file the complaint in camera or under seal, and has not, to the Court's knowledge, served a written disclosure

4

of all material evidence and information regarding the claims on the Government. See 31 U.S.C. § 3730(b). Relator's failure to serve a written disclosure of all material evidence means the sixty-day period for the Government to intervene was never triggered. Id. § 3730(b)(2). At any rate, whether or not the Government choose to intervene is irrelevant because it need not make that decision in order to seek dismissal. Swift, 318 F.3d at 251.

Even if Relator complied with all FCA procedures, her claim does not present a justiciable case or controversy as required by Article III of the Constitution. In every case there must be "a real, substantial controversy between parties having adverse legal interests." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). A *qui tam* action against a federal agency does not present a justiciable case or controversy because it is, in essence, a suit by the United States against the United States. See Juliano v. Fed. Asset Disposition Ass'n, 736 F. Supp. 348, 351-53 (D.D.C. 1990), *aff'd*, 959 F.2d 1101 (D.C. Cir. 1992). And it is the longstanding practice of federal courts to "not engage in the academic pastime of rendering judgments in favor of persons against themselves." United States v. I.C.C., 337 U.S. 426, 430 (1949) (noting "courts must look behind the names that symbolize the parties to determine whether a justiciable case or controversy is presented").

Looking behind the curtain here shows Relator's case is a suit by the United States against the United States. The United States is the real party in interest in a *qui tam* action under the FCA and Relator's allegations are levied against the USDA, a federal agency.[4] Any recovery awarded would simply empty the Government's right pocket to fill its left. Such a redistribution of funds within the federal government does not create a justiciable case or controversy. See Juliano, 736 F. Supp. at 351-53.

Furthermore, Relator cannot maintain this *qui tam* action under the FCA because she is proceeding *pro se*. Unrepresented individuals are not authorized to bring an action in federal court on behalf of others. See 28 U.S.C. § 1654. Because the United States is the real party in interest in a *qui tam* action under the FCA, a relator may not litigate the case on behalf of the Government *pro se*. Timson, 518 F.3d at 874; see also Stoner v. Santa Clara Cnty. Off. of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007).

Finally, the Court finds that it is unnecessary to hold a hearing in this case before granting the Government's motion to

---

[4] A suit against a federal agency is deemed a suit against the United States "if the judgment sought would expend itself on the public treasury or domain, or interfere with public administration, . . . or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Dugan v. Rank, 372 U.S. 609, 620 (1963) (internal citation omitted); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985).

dismiss. Under the FCA, "[t]he Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). Objections filed by the relator "*may* be accompanied by a petition for an evidentiary hearing on those objections." S. Rep. No. 99-345, at 26 (1986) (emphasis added). Congress did not intend, however, for hearings to be granted as a matter of right. Id. The relator must show a "substantial and particularized need" for a hearing, for example, where the relator presents a colorable claim that the dismissal is unreasonable in light of existing evidence. Id.; see also United States v. Everglades Coll., Inc., 855 F.3d 1279, 1289-90 (11th Cir. 2017); Ridenour, 397 F.3d at 935 (10th Cir. 2005).

In this case, Relator has not explicitly requested a hearing on the Government's motion to dismiss. Nevertheless, such a hearing would be inappropriate because Relator cannot show a substantial and particularized need for one. She did not produce a written disclosure of material evidence to the Government, and Relator's Complaint fails to allege any instance of a person submitting a false claim to the Government. Instead, Relator claims the USDA and the USFS acted beyond their authority by regulating forest roads and recreational mining activities. A FCA

7

violation is not the proper avenue to challenge such actions. See Juliano, 736 F. Supp. at 352 ("The 'typical' claim brought under the False Claims Act appears to involve the private contractor — the defense contractor, the construction contractor, the medical service provider — that provides services to the federal government or its agencies and subsequently submits false or fraudulent claims which are paid out of the federal treasury."). Accordingly, there is insufficient existing evidence to support a plausible claim that the FCA was violated.[5]

### III. CONCLUSION

Based on the foregoing, the Court finds Article III's case or controversy requirement is not satisfied in this case. The United States' motion to dismiss (Doc. 9) is **GRANTED**. Further, Relator's Motion for Relief Including Cease and Desist Order (Doc. 5) and Motion to Deny Objection of U.S. Attorney's Office to Plaintiff's Relief (Doc. 8) are **DENIED**. Finally, the United States' motion for clarification (Doc. 6) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

---

[5] Having found the case or controversy requirement is not satisfied, the Court need not address the Government's sovereign immunity argument.

8

**ORDER ENTERED** at Augusta, Georgia, this 10th day of January, 2019.

```
                              _____
                              J. RANDAL HALL, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF GEORGIA
```